IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HENRY JAMES HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:06-CV-37-WKW |
| ) | (WO) |
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On October 7, 2005, the plaintiff filed the civil complaint in the Circuit Court of Macon County, Alabama, seeking an unspecified amount of compensatory and punitive damages. (Doc. # 1, Compl.) The defendant removed the action to this court pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).[1] (Doc. # 1, Removal Notice.) This cause is now before the Court on the plaintiff's motion to remand. (Doc. # 4.)

On February 14, 2006, the plaintiff filed a motion to remand stipulating that "the total amount in controversy does not exceed $75,000, exclusive of costs and interests." (Doc. # 4.) In support of the motion, plaintiff's attorney submitted an affidavit declaring that "Plaintiff Henry James Hall does not seek and would not accept an award of damages of more than $75,000 in this action." (*Id.*, Pl's Att'y. Decl. ¶ 3.) On March 14, 2006, the defendant filed a response in opposition to the motion arguing that the affidavit of plaintiff's

---

[1] It is undisputed that the plaintiff is a resident of Alabama and the defendant is a corporation organized and existing under the laws of Virginia.

counsel cannot divest this court of jurisdiction by post-removal efforts to change the amount in controversy.  (Doc. # 7.)  The plaintiff filed a reply on March 21, 2006.  (Doc. # 9.)

The Eleventh Circuit has held that, where a plaintiff specifically claims less than the requisite jurisdictional amount in controversy in state court, a defendant must prove to a "legal certainty" that plaintiff's claims would not yield a recovery less than the jurisdictional amount.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996); *also St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-89 (1938) (holding that "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith [and] it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").  However, in cases such as this one, where the complaint claims unspecified and unlimited damages, the burden is on the defendant to prove by the preponderance of the evidence that the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.  *See Davis v. Franklin Life Ins. Co.,* 71 F. Supp. 2d 1197, 1198 (M.D. Ala. 1999).

The district court may "consider post-removal evidence" in determining the propriety of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). However, "'the jurisdictional facts that support removal must be judged ***at the time of the removal***, and any post petition affidavits are allowable ***only if relevant to that period of time***.'" *Id.* (quoting *Allen v R&H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis

added)).  Under *Sierminski*, affidavits filed by plaintiffs in cases may be considered in determining jurisdiction to the extent that they clarify the Complaint by identifying that the amount in controversy was not in excess of $75,000 at the time the case was removed and will not be in excess of $75,000 in the future.  *See Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1303-1304 (M.D. Ala. 1999) (because plaintiff had "submitted a binding Stipulation in which she promised to neither seek nor accept damages in excess of $75,000," the defendants failed to prove by a preponderance of the evidence that damages would exceed $75,000).  Such affidavits should establish that, at the time the complaint was filed, the plaintiff did not seek more than the jurisdictional amount and that the plaintiff will not accept a jury award for more than the jurisdictional amount.  The Court notes that, although not required, some plaintiffs even agree in their affidavits to an irrevocable cap on damages of $74,999, exclusive of interest and costs.

   Here, Plaintiff's counsel states in his affidavit that the plaintiff is not seeking more than the jurisdictional amount and would not accept an award above the jurisdictional amount.  The affidavit does not establish that, *at the time the complaint was filed nor at the time of removal*, the plaintiff did not seek more than the jurisdictional amount.  Because the plaintiff has not established that the amount in controversy sought in the complaint is $74,999 (exclusive of interest and costs) and, as the defendant correctly asserted, a plaintiff

3

cannot reduce his claim after removal to defeat federal court jurisdiction,[2] the Court finds that the affidavit of plaintiff's counsel is insufficient to warrant remand.

Accordingly, it is hereby ORDERED that:

1. The Motion to Remand is DENIED with leave to re-file.

2. If the plaintiff wishes to file another motion to remand accompanied with an affidavit that satisfies the requirements under *Sierminski* and *Moss*, he shall do so on or before September 21, 2006. Any response to said motion shall be filed on or before September 28, 2006.

3. The defendant's request for costs and expenses (Doc. # 7 at ¶ 8) is hereby DENIED.

DONE this 29th day of August, 2006.

                                /s/ W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE

---

[2] *See St. Paul*, 303 U.S. at 294.