IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HENRY JAMES HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:06-cv-37-WKW |
| ) | (WO) |
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This cause is now before the court on Plaintiff's Renewed Motion to Remand. (Doc. # 16.) After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that it lacks subject matter jurisdiction in this case. Accordingly, the court concludes that Plaintiff's Renewed Motion to Remand is due to be GRANTED.

### I. FACTUAL BACKGROUND

On October 7, 2005, the plaintiff Henry James Hall ("Plaintiff") filed this personal injury action in the Circuit Court of Macon County, Alabama, seeking an unspecified amount of damages. (Doc. # 1, Compl.)  In his Complaint, Plaintiff alleges that Defendant CSX Transportation, Inc. ("Defendant"), owned and operated a train which collided with Plaintiff's vehicle. Plaintiff asserts claims for negligence, negligent failure to warn, negligent operation at a public crossing, and negligent failure to maintain public crossing. (*Id.*)  Defendant removed the action to this court pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).[1] (Doc. # 1, Removal Notice.)

---

[1] It is undisputed that Plaintiff is a resident of Alabama and Defendant is a corporation organized and existing under the laws of Virginia.

On September 21, 2006, Plaintiff filed a Renewed Motion to Remand[2] asserting that this court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000.00.  (Doc. # 16.)  Plaintiff's counsel submitted a declaration in support of remand indicating that: (1) "the total aggregate amount of damages under all counts [in the Complaint] is not more than $74,500, either at the time the Complaint was filed or thereafter;" and (2) "[a]t the time this suit was filed and at the time this civil action was removed to federal court the amount of damages would not have exceeded $74,5000, nor will damages exceed that amount in the future."  (*Id*. at Segrest Decl. ¶¶ 4 & 6.)  On October 13, 2006, Defendant filed a response in opposition to the motion (Doc. # 18), and Plaintiff filed a reply on November 1, 2006 (Doc. # 20).

## II.  STANDARD OF REVIEW

The general removal statute, 28 U.S.C. § 1441(a) & (b), permits removal of any case over which the district court has original jurisdiction.  Federal courts are courts with limited original jurisdiction and only have the power to hear cases that they have been authorized to hear by the Constitution and the Congress of the United States.  *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994).  As such, a lawsuit filed in state court may be removed to federal court based on either diversity[3] or federal question[4] jurisdiction.  *See Pacheco De Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

---

[2] The court notes that Plaintiff filed a motion to remand on February 14, 2006.  (Doc. # 4.)  On August 29, 2006, the court denied Plaintiff's motion with leave to re-file.  (Doc. # 15.)

[3] Diversity jurisdiction exists in civil actions "between citizens of different states," in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).

[4] Federal question jurisdiction exists if the plaintiff's suit arises under "the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.

2

The party seeking removal has the burden of establishing federal jurisdiction. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). In cases where a plaintiff specifically claims less than the requisite jurisdictional amount in controversy in state court, a defendant must prove to a "legal certainty" that the plaintiff's claims would not yield a recovery less than the jurisdictional amount. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996); *also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (holding that "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith [and] it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal"). On the other hand, in cases such as this one, where the complaint claims unspecified and unlimited damages, the defendant "must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds . . . the jurisdictional requirement." *Grubbs v. Pioneer Hous., Inc.,* 75 F. Supp. 2d 1323, 1327 (M.D. Ala. 1999).

While the court must take care not to deprive a defendant of his right to a federal forum, if that right exists, the court must also be mindful of *six* other critical concerns. First, federal courts are tribunals of limited jurisdiction. *Gardner v. Allstate Indem. Co.,* 147 F. Supp. 2d 1257, 1264 (M.D. Ala. 2001) ("We have the power to decide only certain types of cases, and the parties cannot consent to jurisdiction when it has not been authorized by Congress or the Constitution."). Second, the diversity jurisdiction statute, 28 U.S.C. § 1332, is strictly construed because of the significant federalism concerns raised by federal courts passing on matters of state law. *Id.* Third, a plaintiff is the master of his complaint, and a plaintiff suing diverse defendants can avoid federal court by limiting his prayer for damages to less than $75,000.00. *Id*. Fourth, a plaintiff is charged with

knowledge of his complaint, and the amount of damages that he seeks. *Id*. Fifth, the court must be mindful of 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, [a removed] case shall be remanded." Sixth, the removal statutes are strictly construed against removal and all doubts about removal must be resolved in favor of remand. *Burns*, 31 F.3d at 1095 ("removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

### III. DISCUSSION

In this case, Plaintiff moves for remand arguing that diversity jurisdiction under § 1332 does not exist because the requisite amount in controversy is not satisfied. Plaintiff's counsel submits his declaration in support of this contention.

It is clearly established in this circuit that the district court may "consider post-removal evidence" in determining the propriety of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). However, "'the jurisdictional facts that support removal must be judged ***at the time of the removal***, and any post petition affidavits are allowable ***only if relevant to that period of time***.'" *Id.* (quoting *Allen v R&H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis added)). Under *Sierminski*, affidavits filed by plaintiffs in cases may be considered in determining jurisdiction to the extent that they clarify the complaint by identifying that the amount in controversy was not in excess of $75,000 at the time the case was removed and will not be in excess of $75,000 in the future. *See Moss v. Voyager Ins. Cos.*, 43 F. Supp. 2d 1298, 1303-1304 (M.D. Ala. 1999) (because plaintiff had "submitted a binding Stipulation in which she promised to neither seek nor accept damages in excess of $75,000," the defendants failed to prove by a preponderance of the

evidence that damages would exceed $75,000). Here, Plaintiff's counsel's declaration makes such clarification establishing that the amount sought by Plaintiff in damages is less than the jurisdictional amount. *See also Brooks v. Pre-Paid Legal Servs., Inc.,* 153 F. Supp. 2d 1299, 1300-01 (M.D. Ala. 2001) (case remanded to state court because the amount in controversy requirement was not met where plaintiff filed a post-removal affidavit establishing that the damages sought were below the jurisdictional amount); *Hill v. MONY Life Ins. Co.*, 75 F. Supp. 2d 1328, 1330 (M.D. Ala. 1999).

Furthermore, having considered Defendant's arguments in opposition to remand, the court finds that they are unpersuasive.[5] Because Plaintiff has established that the amount in controversy sought in the Complaint is $74,500, and Defendant has not met its burden of showing by a preponderance of the evidence that more than the jurisdictional amount has been sought in this case, the court finds that this case is due to be remanded.

## IV.  CONCLUSION

For the reasons discussed above, it is hereby ORDERED that:

1. Plaintiff's Renewed Motion to Remand (Doc. # 16) is GRANTED; and

2. Pursuant to 28 U.S.C. § 1447(c), the above-styled lawsuit is REMANDED to the Circuit Court of Macon County, Alabama.

---

[5] The court is not persuaded by Defendant's argument that Plaintiff's counsel's declaration does not bind Plaintiff. *See Burns*, 31 F.3d at 1095 ("[W]e will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception. We will further presume that plaintiff's counsel understands that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences and, therefore, raise significant ethical implications for a court officer."). Moreover, despite the court's consideration of Plaintiff's pre-removal settlement offer, *see Burns*, 31 F.3d at 1097 (stating "settlement offer, by itself, may not be determinative, [but] it counts for something"), Defendant has not persuaded this court that Plaintiff's settlement demand was an honest assessment of damages, *see Golden v. Dodge-Markham Co., Inc.*, 1 F. Supp. 2d 1360, 1364-65 (M.D. Fla. 1998) (refusing to consider the plaintiff's settlement demand as evidence of the amount in controversy because defendant failed to establish that settlement demand was not "mere posturing" by plaintiff's counsel to stake out position for settlement purposes).

The Clerk of the Court is DIRECTED to take the necessary steps to effectuate the remand of this case to the Circuit Court of Macon County, Alabama.

DONE this 14th day of November, 2006.

                                            /s/  W. Keith Watkins
                                        UNITED STATES DISTRICT JUDGE